IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YULONDA LEE | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 11-3212** |
| | * | |
| **ROSE TAYLOR** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Yulonda Lee, *pro se*, obtained a Temporary Peace Order in Prince George's County District Court against Rose Taylor for workplace harassment.  The case was removed to this Court, and on December 16, 2011, Taylor filed a Motion to Dismiss, or Alternatively, for Summary Judgment [Paper No. 20], to which Lee has failed to respond despite ample time and opportunity.  Taylor has also filed a Motion to Dismiss for Lack of Prosecution [Paper No. 22].  For the following reasons, the Court **GRANTS** Taylor's Motion for Summary Judgment, rendering Taylor's initial Motion to Dismiss and separate Motion to Dismiss for Lack of Prosecution **MOOT**.[1]

### I.

The facts are straightforward.  Lee is a part-time Flexible Mail Carrier for the United States Postal Service ("USPS") assigned to its Oxon Hill, Maryland facility.  Taylor is a USPS Customer Service Supervisor who sometimes serves as "Acting Manager" at facilities in the greater Washington metropolitan area while a "regular" supervisor is on leave.

---

[1] The Court agrees with Taylor that Lee's failure to comply with the Court Order's Order of January 27, 2012, warning her about the consequences of not filing a response, constitutes an alternative ground for dismissal under Fed. R. Civ. P. 41(b).

On or about August 11, 2011, Taylor was assigned to the Oxon Hill building as "Acting Manager." Lee alleges that at some point that day, Taylor grabbed her by the shoulders and raised her hand to slap Lee. Lee also claims that on the previous day, Taylor derided her as being "worthless/useless" over the facility's public address system.

Taylor denies ever grabbing Lee inappropriately or criticizing her over the public address system. She says that on the day in question she directed Lee to "case" the mail for a particular mail route.[2] Lee appeared irritated by the instruction and lost her balance while retrieving a mail container or removing mail from that container. Taylor claims she touched Lee's arm to prevent her from falling, after which Lee began yelling, "[c]all the [p]olice, she put her hands on me. Call the police, I should call the police because you touched me." Taylor asked Lee to join her in an office, accompanied by a union representative, to talk about the incident. Lee refused, returned to work, and reported no physical injury.

On October 31, 2011, more than two and a half months after the aforementioned incident, Lee petitioned the Prince George's County District Court for a Peace Order against Taylor. The Court granted a Temporary Peace Order and scheduled a hearing to determine whether a Final Peace Order should be entered.[3] Prior to the hearing, Taylor removed the case to this Court under 28 U.S.C. § 1441 and § 1442(a)(1), and then filed a Motion to Dismiss, or Alternatively, for Summary Judgment. Lee has failed to respond to Taylor's Motion despite the Court's Order warning her about the consequences of not filing any response. Taylor subsequently filed a Motion to Dismiss for Lack of Prosecution, which Lee again did not respond to.

---

[2] According to Taylor, "casing" mail includes obtaining mail from postal management and preparing it for delivery by a carrier or truck along an established route.
[3] The Temporary Peace Order expired after November 15, 2011.

## II.

### A.

In evaluating a motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6), the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). However, the court need not accept as true "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Id*. There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain sufficient well-pled facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The factual allegations must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### B.

Pursuant to Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The "party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable

to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court, however, must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)). Summary judgment is appropriate where a party fails to make a showing sufficient to establish the elements essential to the party's claim and on which the party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There must be sufficient evidence for a reasonable jury to find for the nonmoving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986), and a "mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).

### III.

Taylor asserts that the petition for a Peace Order should be dismissed or summary judgment granted for lack of subject matter jurisdiction on the basis of sovereign immunity. The Court finds as an initial matter that it does have subject matter jurisdiction under 28 U.S.C. § 1442(a)(1). But as to the merits of Taylor's sovereign immunity defense, the Court concludes that the action is barred.

### A.

Pursuant to 28 U.S.C. § 1442,[4] Congress granted federal district courts jurisdiction over cases removed from state court where the defendant is a federal officer. Section 1442 is not, however, an automatic grant of subject matter jurisdiction. "Rather, it is the raising of a federal

---

[4] 28 U.S.C. § 1442(a)-(a)(1) states: "A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ."

4

question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes." *Mesa v. California*, 489 U.S. 121, 136 (1989). An officer's removal petition raises a federal question if it asserts "a 'colorable' federal defense to the action." *Jamison v. Wiley*, 14 F.3d 222, 239 (4th Cir. 1994) (citing *Mesa*, 489 U.S. at 136-39); *see also id.* ("By raising a colorable defense in his removal petition, the defendant-official transforms the otherwise nonremovable state-law action into one that falls within the federal court's 'arising under' jurisdiction."). To be "colorable," the federal defense must be "plausible," *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (citing *Mesa*, 489 U.S. at 129), and the defendant must "establish that there is a causal connection between plaintiffs' claims and acts [the defendant] performed under color of federal office." *Pack v. AC & S, Inc.*, 857 F. Supp. 26, 28 (D. Md. 1994) (citing *Mesa*, 489 U.S. at 129-31). Put another way, "for federal officers to invoke removal jurisdiction under § 1442 they must show that an action has been commenced against them in a state court, which is based on an act the federal officer performed while on duty at the officer's place of federal employment." *Bosaw v. Nat'l Treasury Emps. Union*, 887 F. Supp. 1199, 1206 (S.D. Ind. 1995).

In the present case, Taylor's federal defense of sovereign immunity is "colorable" and not "without foundation." *Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266, 1271 (S.D. Fla. 2008). She has, moreover, shown a "causal connection," affirming in her declaration that the actions Lee complains about were performed under color of both Lee's and Taylor's positions as USPS employees. "Casing" the mail—and by extension, directing USPS subordinates to "case" the mail—is inarguably a function of a USPS employee. At the same time, the United States Attorney for the District of Maryland has certified that Taylor was acting within the scope of her employment as an employee of the United States, and even Lee states in

the petition for a Peace Order that she was harmed "@ the Workplace." In short, it is uncontroverted that the events at issue occurred at a USPS facility while Lee and Taylor were performing their official duties as USPS employees. Because Taylor has raised a colorable sovereign immunity defense, the Court has removal jurisdiction over the case.[5]

**B.**

Turning to the merits of Taylor's sovereign immunity defense, it is well established that the United States is immune from suit unless it consents to be sued, *United States v. Sherwood*, 312 U.S. 584, 586 (1941), and that the plaintiff carries the burden of showing "an unequivocal waiver of sovereign immunity . . . ." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)). A suit against a government officer in her official capacity is not a suit against the official but rather a suit against the official's office. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, "[a]n action seeking specific relief against a federal official, acting within the scope of [her] delegated authority, is an action against the United States subject to governmental privilege of immunity." *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949)); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Here, Lee seeks relief against a federal officer acting within the scope of her delegated authority. As noted above, there is no dispute that the conduct Lee complains about occurred while Taylor was performing her duties as "Acting Manager" of the postal facility. Thus, in

---

[5] "[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court. The officer need not win his case before he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

order to avoid the bar of sovereign immunity, Lee must point to a specific, unequivocal waiver of that immunity. She has not done so. Nor does any statute waive sovereign immunity for injunctive relief in a state action against a federal officer.[6] While the Administrative Procedure Act, 5 U.S.C. § 702,[7] waives immunity for suits seeking injunctive relief against the United States in federal court, it does not extend the waiver to actions in *state* court.[8] *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989) ("Congress implicitly confined jurisdiction to the federal courts when it limited the waiver of sovereign immunity contained in section 702 of the Act to claims brought 'in a court of the United States.'" (quoting 5 U.S.C. § 702)). Because actions removed pursuant to § 1442(a)(1) must be considered under the doctrine of derivative jurisdiction, *Palmer v. City Nat'l Bank of West Virginia*, 498 F.3d 236, 244-45 (4th Cir. 2007), if the APA does not waive sovereign immunity in Maryland District Court, it cannot waive sovereign immunity in this Court after removal. Thus, although Taylor's sovereign immunity defense presents a colorable issue of federal law that gives the Court removal jurisdiction, the instant suit cannot go forward because Lee has not shown a waiver expressing the government's consent to such an action.

---

[6] Although Taylor suggests that this case may be viewed under the rubric of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, the FTCA is inapplicable because Lee is seeking equitable relief, not monetary damages. *See* 28 U.S.C. § 2679(b)(1) ("The remedy against the United States . . . from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding *for money damages* . . . .") (emphasis added); *see also* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, *for money damages* . . . .") (emphasis added).

[7] 5 U.S.C. § 702 states: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking *relief other than money damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party" (emphasis added).

[8] Maryland courts apply the doctrine of sovereign immunity to suits against federal officials. *See, e.g.*, *Burgoyne v. Brooks*, 544 A.2d 343 (Md. Ct. Spec. App. 1988) (affirming the dismissal of a defamation lawsuit by several General Services Administration employees against a co-worker because the actions of the latter fell within the purview of absolute immunity).

## IV.

For the foregoing reasons, the Court **GRANTS** Taylor's Motion for Summary Judgment [Paper No. 20]. Her Motion to Dismiss [Paper No. 20] and her Motion to Dismiss for lack of prosecution [Paper No. 22] are **MOOT**.

A separate Order will **ISSUE**.

                                                            /s/
                                        **PETER J. MESSITTE**
                            **UNITED STATES DISTRICT JUDGE**

**August 8, 2012**